UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF STRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1187 |
| ) | |
| WILLIAM K. SUTER, ) | |
| Clerk of the United States ) | |
| Supreme Court, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is Plaintiff Jeff Strong's ("Strong") Complaint against Defendant William K. Suter, Clerk of the United States Supreme Court. For the reasons set forth below, Strong's Complaint [#1] is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Strong filed his Complaint, entitled "These nepotistic actions enable a trebling of my damages!" on June 8, 2010. In his Complaint, specifically addressed to Judge McCuskey in the United States District Court for the Central District of Illinois, Strong makes allegations against William K. Suter as the Clerk of the United States Supreme Court. He seeks treble damages against Defendant Suter "for his denial of [Strong's] 'due process' rights . . ." which came about when Defendant Suter protected Carl A. Suter, his "relative." Strong's various and disjointed allegations include reference to the Fifth Amendment's Due Process clause and the Americans with Disabilities Act ("ADA"). Strong explains that the Department of Rehabilitation Services ("DORS") refused to accommodate him with work he "almost" secured in St. Louis, Missouri, that "there are 'other' places [Strong] could have proliferated, BUT [he] chose 'away' from

Chicago, as the ADA permits, NOT towards Chicago or 'little Chicago'/UIUC, Springfield or someplace farther?" The remainder of his Complaint includes discussion of Strong's attendance at 5 Cardinals baseball games and zero Cubs games, District Judge Harold Baker's corruption, RICO corruption, and Rod Blagojevich's "underlings." Strong has continued to file documents in his case that further discuss DORS, that include allegations against the federal bench, and that discuss cases he previously filed in the Central District of Illinois.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1). The Supreme Court has also clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)). Additionally, "a suit may be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Even with the most liberal reading of his Complaint, Strong's pleading fails to set forth any semblance of a cognizable basis for his claim. His Complaint provides the Court with "facts" that are unrelated to one another and that are nonsensical when read together. His Complaint is, instead, a rambling commentary on his experience attempting to secure work in

Missouri versus Illinois and on particular employees in the federal judiciary.  Furthermore, his Complaint includes reference to cases he previously filed in this district, many of which were themselves dismissed before those courts reached the merits.  To put it simply, Strong's alleged claims under the Constitution and ADA are wholly insubstantial and frivolous.  *See Bell*, 327 U.S. at 682-83.

The Court finds that Strong's Complaint fails to state a legal claim and fails to even minimally comply with Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, because the Court can discern no arguably cognizable claims from the pleadings and because the Complaint is otherwise frivolous, the Court must dismiss the Complaint.  *Walters v. Edgar*, 163 F.3d 430, 433 (7th Cir. 1998) ("a frivolous suit does not engage the jurisdiction of the federal courts").

## CONCLUSION

For the reasons set forth above, Strong's Complaint [#1] is DISMISSED WITHOUT PREJUDICE for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction.  All pending motions are therefore denied as moot.

ENTERED this 28th day of July, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge